**In re BENBOW et al.**

**Patent Appeal No. 3009.**

Court of Customs and Patent Appeals.
April 17, 1933.

Brown, Jackson, Boettcher & Dienner, of Chicago, Ill. (Arthur H. Boettcher, of Chicago, Ill., of counsel), for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the rejection by the ex-

aminer of a claim for improvement in dump wagons, which claim reads as follows:

"21. A heavy-duty dump trailer of cart class, comprising an open-bottom container-body, mobile supporting means for said body, including running gear characterized by rolling elements of diameter less than the width of the body opening and medially located axle means associating the body with the running gear, said axle means being arched over the bottom opening and including arms depending from the body and having at their lower ends tilting bearing connection with said gear, whereby the body is supported in elevated position to tilt fore-and-aft about the bearing axis and is substantially balanced but in unstable equilibrium over said axis, and means for dumping the entire contents of the trailer fore-and-aft of said axle means simultaneously, said dumping means comprising dumping doors mounted to swing downwardly and laterally to dumping position, whereby dumping of the load will be uniform fore-and-aft of said axis of balance, and said balance will thus be maintained independent of whether the load is carried or dumped."

The references relied upon are: Benbow et al., 1,706,099, March 19, 1929; Armington et al., 1,752,056, March 25, 1930.

The application is a division of a prior application, serial No. 270,745, filed April 17, 1928, which matured into the Benbow et al. reference patent, March 19, 1929. Since the latter is appellant's own patent, and not issued more than two years before the filing of the instant application, it is pertinent as a reference only as to that which is therein claimed.

The following are claims 5 and 9 of said patent:

"5. A dump wagon comprising a frame, a bed supported thereby, an arched axle structure extending transversely between the sides of said frame intermediate the ends of said bed, said arched axle structure comprising outwardly extending stub axles, endless tread units pivotally supported on said axles at opposite sides of the wagon, dump doors in the bottom of said bed extending forwardly and rearwardly from said arched axle structure, and mechanism for raising said doors to closed position comprising flexible members engaging with said doors adjacent to said arched axle structure and adjacent to the front and rear ends of said bed."

"9. A dump wagon comprising a load carrying bed, a frame therefor comprising a transversely extending arched axle structure intermediate the ends of said frame, longitudinally extending dump doors closing the bottom of said bed forwardly and rearwardly of said arched axle structure, stub axles on said arched axle structure projecting outwardly beyond the sides of said frame, and endless tread units pivotally supported on said stub axles for relative rocking movement, said transversely extending arched axle structure supporting the bed substantially clear of the load dumped by a substantially full bed."

It was found and held by the tribunals of the Patent Office that the construction covered by the appealed claim is substantially the same as that described in the foregoing claims of the patent, except that the appealed claim has an introductory clause, reading "a heavy-duty dump trailer of cart class."

The parent application, which matured into the patent, disclosed two forms of dump wagon; one having a small two-wheeled truck at the front end with tongue for tractor attachment, and the other having a trailer tongue at the front end adapted also to be connected with a tractor.

The patent specifically covers the first form and is generic in character. It was and is the claim of appellants that the second form is a species under the genus which the patent covers, and they insist that they are entitled to have a divisional patent on a specific form after issuance of the parent patent showing several forms and containing only broad claims.

Of this insistence the Board of Appeals says: "In our opinion, we are not faced with any such situation. It seems obvious to us that the introductory clause of claim 21 is not limiting but is merely a statement of one form of dumping wagon to which the invention covered by the claims of the patent may be applied and that the construction operates exactly in the same way whether applied to one form of wagon or the other, the invention being solely in the construction of the running gear and its connection with the wagon body, which is fully covered by the claims of the patent."

We have examined the drawings and specifications of the applications with care, being greatly aided in understanding same by well-executed models supplied by appellant's counsel, and we are wholly unable to detect any inaccuracy in the quoted statement of the Board.

Every patentable element of the "wagon" form, as same is described in claims 5 and 9 of the patent, is found in the "cart" form upon which the appealed claim is based, and no other element is found.

It is noted that the container body is equipped with, or carried upon, caterpillar wheels or devices. The front truck of the one, therefore, makes it a four-wheel or "wagon" form, while the other having only the two caterpillar wheels or devices is a "cart" form.

The running gear, the mechanism for operating the dumping doors, the contrivance for supporting the body in elevated position to tilt fore-and-aft about the bearing axis— in short, every feature in every detail which is found in the "cart" form described in the claim is exactly the same in the "wagon" form already patented, except that the latter has a two-wheeled truck at its front end with a tongue to which a tractor may be attached for drawing it, while the former has no truck but only a tongue extending out from the front part of the container body.

If the truck part be removed from the patented device, there is left the entire structure of the appealed claim and the truck element is no part of the patentable matter in the patent.

It seems perfectly obvious to us that every patentable feature of the claim on appeal is covered fully and completely by the patent already issued and that to grant the patent here asked would, as was held by the examiner and by the board, inevitably result in double patenting.

The so-called specific claim on the "cart" form contains nothing which the so-called generic claims, 5 and 9, do not cover, element for element, and in identical combination. The so-called specific form, therefore, is not distinct and separable from the so-called generic invention. The two are precisely the same in general and in detail. Hence the rule announced in the case of Thomson-Houston Electric Co. v. Ohio Brass Co. et al. (C. C. A.) 80 F. 712, cited by appellants, has no application here.

In view of our opinion upon the question of double patenting there is no necessity of any discussion of the estoppel phase of the controversy growing out of the interference proceeding between Armington et al. and appellants.

The decision of the Board of Appeals is affirmed.

Affirmed.